*In The*

# United States Court of Appeals

*For The Ninth Circuit*

## CONSUMER FINANCIAL PROTECTION BUREAU,

*Petitioner – Appellee,*

v.

## FUTURE INCOME PAYMENTS, LLC,

*Respondent – Appellant.*

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR CENTRAL CALIFORNIA, SANTA ANA DIVISION

_____

### ADDENDUM TO BRIEF OF APPELLANT

_____

| | |
|---|---|
| **Christopher W. Jones** | **Isabelle L. Ord** |
| **Samuel B. Hartzell** | **Julia Marie Brighton** |
| **WOMBLE BOND DICKINSON (US) LLP** | **DLA PIPER LLP (US)** |
| **555 Fayetteville Street, Suite 1100** | **555 Mission Street, Suite 2400** |
| **Raleigh, North Carolina 27601** | **San Francisco, California 94105** |
| **(919) 755-2100** | **(415) 836-2500** |
| | |
| *Counsel for Appellant* | *Counsel for Appellant* |

# TABLE OF CONTENTS
# TO ADDENDUM

**Page**

U.S. Const. art. II, § 1................................................................ Add. 1

U.S. Const. art. II, § 3................................................................ Add. 3

12 U.S.C. § 5302 ....................................................................... Add. 4

12 U.S.C. § 5481(6)(A) ............................................................. Add. 5

12 U.S.C. § 5481(12) ................................................................. Add. 5

12 U.S.C. § 5481(15)(A)(xi) ...................................................... Add. 6

12 U.S.C. § 5491(b)(1) .............................................................. Add. 7

12 U.S.C. § 5491(b)(2) .............................................................. Add. 7

12 U.S.C. § 5491(c)(1) .............................................................. Add. 7

12 U.S.C. § 5491(c)(3) .............................................................. Add. 7

12 U.S.C. § 5497(a) ................................................................... Add. 8

12 U.S.C. § 5511(a) ................................................................. Add. 13

12 U.S.C. § 5531(a) ................................................................. Add. 14

12 U.S.C. § 5562(c)(1) ............................................................ Add. 15

12 U.S.C. § 5562(e)(1) ............................................................ Add. 15

12 U.S.C. § 5563(a) ................................................................. Add. 17

12 U.S.C. § 5564(a) ................................................................. Add. 18

12 U.S.C. § 5564(f)................................................................ Add. 18

12 U.S.C. § 5565(a)(2)........................................................... Add. 19

12 U.S.C. § 5581(a)(2)(A)...................................................... Add. 20

12 U.S.C. § 5581(b)(5)(B)...................................................... Add. 20

15 U.S.C. § 41...................................................................... Add. 22

15 U.S.C. § 45...................................................................... Add. 23

15 U.S.C. § 53(a)................................................................. Add. 27

15 U.S.C. § 57b(b)............................................................... Add. 28

15 U.S.C. § 78d(a)............................................................... Add. 29

15 U.S.C. § 2053(c).............................................................. Add. 30

42 U.S.C. § 1320a-8(b)(1) .................................................... Add. 31

42 U.S.C. § 7171(b)(1).......................................................... Add. 32

Federal Trade Commission Act,
Pub. L. No. 63-203, §§ 5, 9, 38 Stat. 717 (1914)............................ Add. 33

Magnuson-Moss Warranty—
Federal Trade Commission Improvement Act,
Pub. L. No. 93–637, § 206, 88 Stat 2183 (1975)........................... Add. 39

Wheeler–Lea Act,
Pub. L. No. 75-447, §§ 3-4, 52 Stat. 111 (1938) ........................... Add. 42

*CFPB,* About Us: The Bureau,
https://www.consumerfinance.gov/about-us/the-bureau/
(last visited Nov. 21, 2017)........................................................... Add. 51

## U.S. Const. art. II, § 1

Section 1. The executive Power shall be vested in a President of the United States of America. He shall hold his Office during the Term of four Years, and, together with the Vice President, chosen for the same Term, be elected, as follows:

Each State shall appoint, in such Manner as the Legislature thereof may direct, a Number of Electors, equal to the whole Number of Senators and Representatives to which the State may be entitled in the Congress: but no Senator or Representative, or Person holding an Office of Trust or Profit under the United States, shall be appointed an Elector.

The Electors shall meet in their respective States, and vote by Ballot for two Persons, of whom one at least shall not be an Inhabitant of the same State with themselves. And they shall make a List of all the Persons voted for, and of the Number of Votes for each; which List they shall sign and certify, and transmit sealed to the Seat of the Government of the United States, directed to the President of the Senate. The President of the Senate shall, in the Presence of the Senate and House of Representatives, open all the Certificates, and the Votes shall then be counted. The Person having the greatest Number of Votes shall be the President, if such Number be a Majority of the whole Number of Electors appointed; and if there be more than one who have such Majority, and have an equal Number of Votes, then the House of Representatives shall immediately chuse by Ballot one of them for President; and if no Person have a Majority, then from the five highest on the List the said House shall in like Manner chuse the President. But in chusing the President, the Votes shall be taken by States, the Representatives from each State having one Vote; a quorum for this Purpose shall consist of a Member or Members from two thirds of the States, and a Majority of all the States shall be necessary to a Choice. In every Case, after the Choice of the President, the Person having the greatest Number of Votes of the Electors shall be the Vice President. But if there should remain two or more who have equal Votes, the Senate shall chuse from them by Ballot the Vice President.

The Congress may determine the Time of chusing the Electors, and the Day on which they shall give their Votes; which Day shall be the same throughout the United States.

No Person except a natural born Citizen, or a Citizen of the United States, at the time of the Adoption of this Constitution, shall be eligible to the Office of President; neither shall any person be eligible to that Office who shall not have attained to the Age of thirty five Years, and been fourteen Years a Resident within the United States.

In Case of the Removal of the President from Office, or of his Death, Resignation, or Inability to discharge the Powers and Duties of the said Office, the Same shall devolve on the Vice President, and the Congress may by Law provide for the Case of Removal, Death, Resignation or Inability, both of the President and Vice President, declaring what Officer shall then act as President, and such Officer shall act accordingly, until the Disability be removed, or a President shall be elected.

The President shall, at stated Times, receive for his Services, a Compensation, which shall neither be encreased nor diminished during the Period for which he shall have been elected, and he shall not receive within that Period any other Emolument from the United States, or any of them. Before he enter on the Execution of his Office, he shall take the following Oath or Affirmation:—"I do solemnly swear (or affirm) that I will faithfully execute the Office of President of the United States, and will to the best of my Ability, preserve, protect and defend the Constitution of the United States."

**U.S. Const. art. II, § 3**

Section 3.   He shall from time to time give to the Congress Information on the State of the Union, and recommend to their Consideration such Measures as he shall judge necessary and expedient; he may, on extraordinary Occasions, convene both Houses, or either of them, and in Case of Disagreement between them, with Respect to the Time of Adjournment, he may adjourn them to such Time as he shall think proper; he shall receive Ambassadors and other public Ministers; he shall take Care that the Laws be faithfully executed, and shall Commission all the Officers of the United States.

**12 U.S.C. § 5302. Severability**

If any provision of this Act, an amendment made by this Act, or the application of such provision or amendment to any person or circumstance is held to be unconstitutional, the remainder of this Act, the amendments made by this Act, and the application of the provisions of such to any person or circumstance shall not be affected thereby.

**12 U.S.C. §§ 5481(6)(A), (12), (15)(A)(xi)**

§ 5481. Definitions

Except as otherwise provided in this title, for purposes of this title, the following definitions shall apply:

. . .

(6) Covered person

The term "covered person" means—

(A) any person that engages in offering or providing a consumer financial product or service; and

. . .

(12) Enumerated consumer laws

Except as otherwise specifically provided in section 5519 of this title, subtitle G or subtitle H, the term "enumerated consumer laws" means—

(A) the Alternative Mortgage Transaction Parity Act of 1982 (12 U.S.C. 3801 et seq.);

(B) the Consumer Leasing Act of 1976 (15 U.S.C. 1667 et seq.);

(C) the Electronic Fund Transfer Act (15 U.S.C. 1693 et seq.), except with respect to section 920 of that Act [15 U.S.C. 1693o–2];

(D) the Equal Credit Opportunity Act (15 U.S.C. 1691 et seq.);

(E) the Fair Credit Billing Act (15 U.S.C. 1666 et seq.);

(F) the Fair Credit Reporting Act (15 U.S.C. 1681 et seq.), except with respect to sections 615(e) and 628 of that Act (15 U.S.C. 1681m(e), 1681w);

(G) the Home Owners Protection Act of 1998 (12 U.S.C. 4901 et seq.);

(H) the Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.);

(I) subsections (b) through (f) of section 43 of the Federal Deposit Insurance Act (12 U.S.C. 1831t(c)[(b)]–(f));

(J) sections 502 through 509 of the Gramm-Leach-Bliley Act (15 U.S.C. 6802–6809) except for section 505 [15 U.S.C. 6805] as it applies to section 501(b) [15 U.S.C. 6801(b)];

(K) the Home Mortgage Disclosure Act of 1975 (12 U.S.C. 2801 et seq.);

(L) the Home Ownership and Equity Protection Act of 1994 (15 U.S.C. 1601 note);

(M) the Real Estate Settlement Procedures Act of 1974 (12 U.S.C. 2601 et seq.);

(N) the S.A.F.E. Mortgage Licensing Act of 2008 (12 U.S.C. 5101 et seq.);

(O) the Truth in Lending Act (15 U.S.C. 1601 et seq.);

(P) the Truth in Savings Act (12 U.S.C. 4301 et seq.);

(Q) section 626 of the Omnibus Appropriations Act, 2009 (Public Law 111–8) [12 U.S.C. 5538]; and

(R) the Interstate Land Sales Full Disclosure Act (15 U.S.C. 1701).

. . .

(15) Financial product or service

(A) In general

The term "financial product or service" means—

. . .

(xi) such other financial product or service as may be defined by the Bureau, by regulation, for purposes of this title, if the Bureau finds that such financial product or service is—

(I) entered into or conducted as a subterfuge or with a purpose to evade any Federal consumer financial law; or

(II) permissible for a bank or for a financial holding company to offer or to provide under any provision of a Federal law or regulation applicable to a bank or a financial holding company, and has, or likely will have, a material impact on consumers.

. . .

**12 U.S.C. §§ 5491(b)(1)-(2), (c)(1), (c)(3)**

§5491. Establishment of the Bureau of Consumer Financial Protection

. . .

(b) Director and Deputy Director
    (1) In general
        There is established the position of the Director, who shall serve as the head of the Bureau.
    (2) Appointment
        Subject to paragraph (3), the Director shall be appointed by the President, by and with the advice and consent of the Senate.

        . . .

 (c) Term
    (1) In general
        The Director shall serve for a term of 5 years.

        . . .

    (3) Removal for cause
        The President may remove the Director for inefficiency, neglect of duty, or malfeasance in office.

. . .

**12 U.S.C. § 5497(a)**

§5497. Funding; penalties and fines

(a) Transfer of funds from Board Of Governors

  (1) In general

    Each year (or quarter of such year), beginning on the designated transfer date, and each quarter thereafter, the Board of Governors shall transfer to the Bureau from the combined earnings of the Federal Reserve System, the amount determined by the Director to be reasonably necessary to carry out the authorities of the Bureau under Federal consumer financial law, taking into account such other sums made available to the Bureau from the preceding year (or quarter of such year).

  (2) Funding cap

    (A) In general

      Notwithstanding paragraph (1), and in accordance with this paragraph, the amount that shall be transferred to the Bureau in each fiscal year shall not exceed a fixed percentage of the total operating expenses of the Federal Reserve System, as reported in the Annual Report, 2009, of the Board of Governors, equal to—

        (i) 10 percent of such expenses in fiscal year 2011;

        (ii) 11 percent of such expenses in fiscal year 2012; and

        (iii) 12 percent of such expenses in fiscal year 2013, and in each year thereafter.

    (B) Adjustment of amount

      The dollar amount referred to in subparagraph (A)(iii) shall be adjusted annually, using the percent increase, if any, in the employment cost index for total compensation for State and local government workers published by the Federal Government, or the successor index thereto, for the 12-month period ending on September 30 of the year preceding the transfer.

(C) Reviewability

Notwithstanding any other provision in this title, the funds derived from the Federal Reserve System pursuant to this subsection shall not be subject to review by the Committees on Appropriations of the House of Representatives and the Senate.

(3) Transition period

Beginning on July 21, 2010, and until the designated transfer date, the Board of Governors shall transfer to the Bureau the amount estimated by the Secretary needed to carry out the authorities granted to the Bureau under Federal consumer financial law, from July 21, 2010 until the designated transfer date.

(4) Budget and financial management

(A) Financial operating plans and forecasts

The Director shall provide to the Director of the Office of Management and Budget copies of the financial operating plans and forecasts of the Director, as prepared by the Director in the ordinary course of the operations of the Bureau, and copies of the quarterly reports of the financial condition and results of operations of the Bureau, as prepared by the Director in the ordinary course of the operations of the Bureau.

(B) Financial statements

The Bureau shall prepare annually a statement of—

(i) assets and liabilities and surplus or deficit;

(ii) income and expenses; and

(iii) sources and application of funds.

(C) Financial management systems

The Bureau shall implement and maintain financial management systems that comply substantially with Federal

financial management systems requirements and applicable Federal accounting standards.

(D) Assertion of internal controls

The Director shall provide to the Comptroller General of the United States an assertion as to the effectiveness of the internal controls that apply to financial reporting by the Bureau, using the standards established in section 3512(c) of title 31.

(E) Rule of construction

This subsection may not be construed as implying any obligation on the part of the Director to consult with or obtain the consent or approval of the Director of the Office of Management and Budget with respect to any report, plan, forecast, or other information referred to in subparagraph (A) or any jurisdiction or oversight over the affairs or operations of the Bureau.

(F) Financial statements

The financial statements of the Bureau shall not be consolidated with the financial statements of either the Board of Governors or the Federal Reserve System.

(5) Audit of the Bureau

(A) In general

The Comptroller General shall annually audit the financial transactions of the Bureau in accordance with the United States generally accepted government auditing standards, as may be prescribed by the Comptroller General of the United States. The audit shall be conducted at the place or places where accounts of the Bureau are normally kept. The representatives of the Government Accountability Office shall have access to the personnel and to all books, accounts, documents, papers, records (including electronic records), reports, files, and all other papers, automated data, things, or property belonging to or under the control of or used or employed by the Bureau pertaining to its financial

transactions and necessary to facilitate the audit, and such representatives shall be afforded full facilities for verifying transactions with the balances or securities held by depositories, fiscal agents, and custodians. All such books, accounts, documents, records, reports, files, papers, and property of the Bureau shall remain in possession and custody of the Bureau. The Comptroller General may obtain and duplicate any such books, accounts, documents, records, working papers, automated data and files, or other information relevant to such audit without cost to the Comptroller General, and the right of access of the Comptroller General to such information shall be enforceable pursuant to section 716(c) of title 31.

(B) Report

The Comptroller General shall submit to the Congress a report of each annual audit conducted under this subsection. The report to the Congress shall set forth the scope of the audit and shall include the statement of assets and liabilities and surplus or deficit, the statement of income and expenses, the statement of sources and application of funds, and such comments and information as may be deemed necessary to inform Congress of the financial operations and condition of the Bureau, together with such recommendations with respect thereto as the Comptroller General may deem advisable. A copy of each report shall be furnished to the President and to the Bureau at the time submitted to the Congress.

(C) Assistance and costs

For the purpose of conducting an audit under this subsection, the Comptroller General may, in the discretion of the Comptroller General, employ by contract, without regard to section 6101 of title 41, professional services of firms and organizations of certified public accountants for temporary periods or for special purposes. Upon the request of the Comptroller General, the Director of the Bureau shall transfer to the Government Accountability Office from funds available, the amount requested by the Comptroller General to cover the

full costs of any audit and report conducted by the Comptroller General. The Comptroller General shall credit funds transferred to the account established for salaries and expenses of the Government Accountability Office, and such amount shall be available upon receipt and without fiscal year limitation to cover the full costs of the audit and report.

. . .

**12 U.S.C. § 5511(a)**

§5511. Purpose, objectives, and functions

(a) Purpose

The Bureau shall seek to implement and, where applicable, enforce Federal consumer financial law consistently for the purpose of ensuring that all consumers have access to markets for consumer financial products and services and that markets for consumer financial products and services are fair, transparent, and competitive.

**12 U.S.C. § 5531(a)**

§ 5531. Prohibiting unfair, deceptive, or abusive acts or practices

(a) In general

The Bureau may take any action authorized under part E to prevent a covered person or service provider from committing or engaging in an unfair, deceptive, or abusive act or practice under Federal law in connection with any transaction with a consumer for a consumer financial product or service, or the offering of a consumer financial product or service.

**12 U.S.C. §§ 5562(c)(1), (e)(1)**

§5562. Investigations and administrative discovery

. . .

(c) Demands

    (1) In general

        Whenever the Bureau has reason to believe that any person may be in possession, custody, or control of any documentary material or tangible things, or may have any information, relevant to a violation, the Bureau may, before the institution of any proceedings under the Federal consumer financial law, issue in writing, and cause to be served upon such person, a civil investigative demand requiring such person to—

        (A) produce such documentary material for inspection and copying or reproduction in the form or medium requested by the Bureau;

        (B) submit such tangible things;

        (C) file written reports or answers to questions;

        (D) give oral testimony concerning documentary material, tangible things, or other information; or

        (E) furnish any combination of such material, answers, or testimony.

  . . .

(e) Petition for enforcement

    (1) In general

        Whenever any person fails to comply with any civil investigative demand duly served upon him under this section, or whenever satisfactory copying or reproduction of material requested pursuant to the demand cannot be accomplished and such person refuses to surrender such material, the Bureau, through such officers or attorneys as it may designate, may file, in the district court of the United States for any judicial district in which such person resides, is found, or transacts business,

and serve upon such person, a petition for an order of such court for the enforcement of this section.

. . .

**12 U.S.C. § 5563(a)**

§5563. Hearings and adjudication proceedings

(a) In general

The Bureau is authorized to conduct hearings and adjudication proceedings with respect to any person in the manner prescribed by chapter 5 of title 5 in order to ensure or enforce compliance with—

(1) the provisions of this title, including any rules prescribed by the Bureau under this title; and

(2) any other Federal law that the Bureau is authorized to enforce, including an enumerated consumer law, and any regulations or order prescribed thereunder, unless such Federal law specifically limits the Bureau from conducting a hearing or adjudication proceeding and only to the extent of such limitation.

. . .

**12 U.S.C. §§5564(a), (f)**

§5564. Litigation authority

  (a) In general

    If any person violates a Federal consumer financial law, the Bureau may, subject to sections 5514, 5515, and 5516 of this title, commence a civil action against such person to impose a civil penalty or to seek all appropriate legal and equitable relief including a permanent or temporary injunction as permitted by law.

    . . .

  (f) Forum

    Any civil action brought under this title may be brought in a United States district court or in any court of competent jurisdiction of a state in a district in which the defendant is located or resides or is doing business, and such court shall have jurisdiction to enjoin such person and to require compliance with any Federal consumer financial law.

    . . .

**12 U.S.C. § 5565(a)(2)**

§5565. Relief available

(a) Administrative proceedings or court actions
. . .
    (2) Relief
        Relief under this section may include, without limitation—
        (A) rescission or reformation of contracts;
        (B) refund of moneys or return of real property;
        (C) restitution;
        (D) disgorgement or compensation for unjust enrichment;
        (E) payment of damages or other monetary relief;
        (F) public notification regarding the violation, including the costs of notification;
        (G) limits on the activities or functions of the person; and
        (H) civil money penalties, as set forth more fully in subsection (c).

. . .

**12 U.S.C. §§ 5581(a)(2), (b)(5)(B)**

§5581. Transfer of consumer financial protection functions

(a) Defined terms

For purposes of this part—

. . .

(2) the terms "transferor agency" and "transferor agencies" mean, respectively—

(A) the Board of Governors (and any Federal reserve bank, as the context requires), the Federal Deposit Insurance Corporation, the Federal Trade Commission, the National Credit Union Administration, the Office of the Comptroller of the Currency, the Office of Thrift Supervision, and the Department of Housing and Urban Development, and the heads of those agencies; and

(B) the agencies listed in subparagraph (A), collectively.

(b) In general

Except as provided in subsection (c), consumer financial protection functions are transferred as follows:

. . .

(5) Federal Trade Commission

. . .

(B) Bureau authority

(i) In general

The Bureau shall have all powers and duties under the enumerated consumer laws to prescribe rules, issue guidelines, or to conduct studies or issue reports mandated by such laws, that were vested in the Federal Trade Commission on the day before the designated transfer date.

(ii) Federal Trade Commission Act

Subject to part B, the Bureau may enforce a rule prescribed under the Federal Trade Commission Act [15 U.S.C. 41 et seq.] by the Federal Trade Commission with respect to an unfair or deceptive act or practice to the extent that such rule applies to a covered person or service provider with respect to the offering or provision of a consumer financial product or service as if it were a rule prescribed under section 5531 of this title.

. . .

§41. Federal Trade Commission established; membership; vacancies; seal

A commission is created and established, to be known as the Federal Trade Commission (hereinafter referred to as the Commission), which shall be composed of five Commissioners, who shall be appointed by the President, by and with the advice and consent of the Senate. Not more than three of the Commissioners shall be members of the same political party. The first Commissioners appointed shall continue in office for terms of three, four, five, six, and seven years, respectively, from September 26, 1914, the term of each to be designated by the President, but their successors shall be appointed for terms of seven years, except that any person chosen to fill a vacancy shall be appointed only for the unexpired term of the Commissioner whom he shall succeed: *Provided, however*, That upon the expiration of his term of office a Commissioner shall continue to serve until his successor shall have been appointed and shall have qualified. The President shall choose a chairman from the Commission's membership. No Commissioner shall engage in any other business, vocation, or employment. Any Commissioner may be removed by the President for inefficiency, neglect of duty, or malfeasance in office. A vacancy in the Commission shall not impair the right of the remaining Commissioners to exercise all the powers of the Commission.

The Commission shall have an official seal, which shall be judicially noticed.

**15 U.S.C. § 45 (1934)**

**§ 45 Unfair methods of competition unlawful; prevention by commission.** Unfair methods of competition in commerce are declared unlawful.

*Power to prohibit.*—The commission is empowered and directed to prevent persons, partnerships, or corporations, except banks and common carriers subject to the Acts to regulate commerce, from using unfair methods of competition in commerce.

*Procedure by commission.*—Whenever the commission shall have reason to believe that any such person, partnership, or corporation has been or is using any unfair method of competition in commerce, and if it shall appear to the commission that a proceeding by it in respect thereof would be to the interest of the public, it shall issue and serve upon such person, partnership, or corporation a complaint stating its charges in that respect, and containing a notice of a hearing upon a day and at a place therein fixed at least thirty days after the service of said complaint. The person, partnership, or corporation so complained of shall have the right to appear at the place and time so fixed and show cause why an order should not be entered by the commission requiring such person, partnership, or corporation to cease and desist from the violation of the law so charged in said complaint. Any person, partnership, or corporation may make application, and upon good cause shown, may be allowed by the commission, to intervene and appear in said proceeding by counsel or in person. The testimony in any such proceeding shall be reduced to writing and filed in the office of the commission. If upon such hearing the commission shall be of the opinion that the method of competition in question is prohibited by this subdivision of this chapter, it shall make a report in writing in which it shall state its findings as to the facts and shall issue and cause to be served on such person, partnership, or corporation an order requiring such person, partnership, or corporation to cease and desist from using such method of competition. Until a transcript of the record in such hearing shall have been filed in a circuit court of appeals of the United States, as hereinafter provided, the commission may at any time, upon such notice and in

such manner as it shall deem proper, modify or set aside, in whole or in part, any report or any order made or issued by it under this section.

*Enforcement of orders.*—If such person, partnership, or corporation fails or neglects to obey such order of the commission while the same is in effect, the commission may apply to the circuit court of appeals of the United States, within any circuit where the method of competition in question was used or where such person, partnership, or corporation resides or carries on business, for the enforcement of its order, and shall certify and file with its application a transcript of the entire record in the proceeding, including all the testimony taken and the report and order of the commission. Upon such filing of the application and transcript the court shall cause notice thereof to be served upon such person, partnership, or corporation and thereupon shall have jurisdiction of the proceeding and of the question determined therein, and shall have power to make and enter upon the pleadings, testimony, and proceedings set forth in such transcript a decree affirming, modifying, or setting aside the order of the commission. The findings of the commission as to facts, if supported by testimony, shall be conclusive. If either party shall apply to the court for leave to adduce additional evidence, and shall show to the satisfaction of the court that such additional evidence is material and that there were reasonable grounds for the failure to adduce such evidence in the proceeding before the commission, the court may order such additional evidence to be taken before the commission and to be adduced upon the hearing in such manner and upon such terms and conditions as to the court may seem proper. The commission may modify its findings as to the facts, or make new findings, by reason of the additional evidence so taken, and it shall file such modified or new findings, which, if supported by testimony, shall be conclusive, and its recommendation, if any, for the modification or setting aside of its original order, with the return of such additional evidence. The judgment and decree of the court shall be final, except that the same shall be subject to review by the Supreme Court upon certiorari as provided in sections 346 and 347 of Title 28, JUDICIAL CODE AND JUDICIARY.

*Application to set aside order.*—Any party required by such order of the commission to cease and desist from using such method of competition may obtain a review of such order in said circuit court of appeals by filing in the court a written petition praying that the order of the commission be set aside. A copy of such petition shall be forthwith served upon the commission, and thereupon the commission forthwith shall certify and file in the court a transcript of the record as hereinbefore provided. Upon the filing of the transcript the court shall have the same jurisdiction to affirm, set aside, or modify the order of the commission as in the case of an application by the commission for the enforcement of its order, and the findings of the commission as to the facts, if supported by testimony, shall in like manner be conclusive.

*Jurisdiction of court.*—The jurisdiction of the circuit court of appeals of the United States to enforce, set aside, or modify orders of the commission shall be exclusive.

*Precedence—Effect of order or judgment.*—Such proceedings in the circuit court of appeals shall be given precedence over other cases pending therein, and shall be in every way expedited. No order of the commission or judgment of the court to enforce the same shall in any wise relieve or absolve any person, partnership, or corporation from any liability under the antitrust acts.

*Process—Service—Return.*—Complaints, orders, and other processes of the commission under this section may be served by anyone duly authorized by the commission, either (a) by delivering a copy thereof to the person to be served, or to a member of the partnership to be served, or to the president, secretary, or other executive officer, or a director of the corporation to be served; or (b) by leaving a copy thereof at the principal office or place of business of such person, partnership, or corporation; or (c) by registering and mailing a copy thereof addressed to such person, partnership, or corporation at his or its principal office or place of business. The verified return by the person so serving said complaint, order, or other process setting forth the manner of said service shall be proof of the same, and the return post-office receipt for said complaint, order, or other process registered and mailed as aforesaid shall be

proof of the service of the same. (Sept. 26, 1914, c. 311, § 5, 38 Stat. 719; Feb. 13, 1925, c. 229, § 2, 43 Stat. 939.)

See section 348 of Title 28.

**15 U.S.C. § 53(a)**

§ 53. False advertisements; injunctions and restraining orders

(a) Power of Commission; jurisdiction of courts

Whenever the Commission has reason to believe—

(1) that any person, partnership, or corporation is engaged in, or is about to engage in, the dissemination or the causing of the dissemination of any advertisement in violation of section 52 of this title, and

(2) that the enjoining thereof pending the issuance of a complaint by the Commission under section 45 of this title, and until such complaint is dismissed by the Commission or set aside by the court on review, or the order of the Commission to cease and desist made thereon has become final within the meaning of section 45 of this title, would be to the interest of the public,

the Commission by any of its attorneys designated by it for such purpose may bring suit in a district court of the United States or in the United States court of any Territory, to enjoin the dissemination or the causing of the dissemination of such advertisement. Upon proper showing a temporary injunction or restraining order shall be granted without bond. Any suit may be brought where such person, partnership, or corporation resides or transacts business, or wherever venue is proper under section 1391 of title 28. In addition, the court may, if the court determines that the interests of justice require that any other person, partnership, or corporation should be a party in such suit, cause such other person, partnership, or corporation to be added as a party without regard to whether venue is otherwise proper in the district in which the suit is brought. In any suit under this section, process may be served on any person, partnership, or corporation wherever it may be found.

. . .

**15 U.S.C. § 57b(b)**

§57b. Civil actions for violations of rules and cease and desist orders respecting unfair or deceptive acts or practices

. . .

(b) Nature of relief available

The court in an action under subsection (a) shall have jurisdiction to grant such relief as the court finds necessary to redress injury to consumers or other persons, partnerships, and corporations resulting from the rule violation or the unfair or deceptive act or practice, as the case may be. Such relief may include, but shall not be limited to, rescission or reformation of contracts, the refund of money or return of property, the payment of damages, and public notification respecting the rule violation or the unfair or deceptive act or practice, as the case may be; except that nothing in this subsection is intended to authorize the imposition of any exemplary or punitive damages.

. . .

**15 U.S.C. § 78d(a)**

§78d. Securities and Exchange Commission

  (a) Establishment; composition; limitations on commissioners; terms of office

    There is hereby established a Securities and Exchange Commission (hereinafter referred to as the "Commission") to be composed of five commissioners to be appointed by the President by and with the advice and consent of the Senate. Not more than three of such commissioners shall be members of the same political party, and in making appointments members of different political parties shall be appointed alternately as nearly as may be practicable. No commissioner shall engage in any other business, vocation, or employment than that of serving as commissioner, nor shall any commissioner participate, directly or indirectly, in any stock-market operations or transactions of a character subject to regulation by the Commission pursuant to this chapter. Each commissioner shall hold office for a term of five years and until his successor is appointed and has qualified, except that he shall not so continue to serve beyond the expiration of the next session of Congress subsequent to the expiration of said fixed term of office, and except (1) any commissioner appointed to fill a vacancy occurring prior to the expiration of the term for which his predecessor was appointed shall be appointed for the remainder of such term, and (2) the terms of office of the commissioners first taking office after June 6, 1934, shall expire as designated by the President at the time of nomination, one at the end of one year, one at the end of two years, one at the end of three years, one at the end of four years, and one at the end of five years, after June 6, 1934.

    . . .

**15 U.S.C. § 2053(c)**

§2053. Consumer Product Safety Commission

. . .

(c) Restrictions on Commissioner's outside activities

Not more than three of the Commissioners shall be affiliated with the same political party. No individual (1) in the employ of, or holding any official relation to, any person engaged in selling or manufacturing consumer products, or (2) owning stock or bonds of substantial value in a person so engaged, or (3) who is in any other manner pecuniarily interested in such a person, or in a substantial supplier of such a person, shall hold the office of Commissioner. A Commissioner may not engage in any other business, vocation, or employment.

. . .

**42 U.S.C. § 1320a-8(b)(1)**

§1320a–8. Civil monetary penalties and assessments for subchapters II, VIII and XVI

    . . .

  (b) Initiation of proceedings; hearing; sanctions

    (1) The Commissioner of Social Security may initiate a proceeding to determine whether to impose a civil money penalty or assessment, or whether to recommend exclusion under subsection (a) only as authorized by the Attorney General pursuant to procedures agreed upon by the Commissioner of Social Security and the Attorney General. The Commissioner of Social Security may not initiate an action under this section with respect to any violation described in subsection (a) later than 6 years after the date the violation was committed. The Commissioner of Social Security may initiate an action under this section by serving notice of the action in any manner authorized by Rule 4 of the Federal Rules of Civil Procedure.

    . . .

**42 U.S.C. § 7171(b)(1)**

§7171. Appointment and administration

. . .

(b) Composition; term of office; conflict of interest; expiration of terms

(1) The Commission shall be composed of five members appointed by the President, by and with the advice and consent of the Senate. One of the members shall be designated by the President as Chairman. Members shall hold office for a term of 5 years and may be removed by the President only for inefficiency, neglect of duty, or malfeasance in office. Not more than three members of the Commission shall be members of the same political party. Any Commissioner appointed to fill a vacancy occurring prior to the expiration of the term for which his predecessor was appointed shall be appointed only for the remainder of such term. A Commissioner may continue to serve after the expiration of his term until his successor is appointed and has been confirmed and taken the oath of Office, except that such Commissioner shall not serve beyond the end of the session of the Congress in which such term expires. Members of the Commission shall not engage in any other business, vocation, or employment while serving on the Commission.

. . .

**Federal Trade Commission Act, Pub. L. No. 63-203, §§ 5, 9, 38 Stat. 717, 719–723 (1914).**

CHAP. 311—An Act To create a Federal Trade Commission, to define its powers and duties, and for other purposes.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That a commission is hereby created and established, to be known as the Federal Trade Commission (hereinafter referred to as the commission), which shall be composed of five commissioners, who shall be appointed by the President, by and with the advice and consent of the Senate. Not more than three of the commissioners shall be members of the same political party. The first commissioners appointed shall continue in office for terms of three, four, five, six, and seven years, respectively, from the date of the taking effect of this Act, the term of each to be designated by the President, but their successors shall be appointed for terms of seven years, except that any person chosen to fill a vacancy shall be appointed only for the unexpired term of the commissioner whom he shall succeed. The commission shall choose a chairman from its own membership. No commissioner shall engage in any other business, vocation, or employment. Any commissioner may be removed by the President for inefficiency, neglect of duty, or malfeasance in office. A vacancy in the commission shall not impair the right of the remaining commissioners to exercise all the powers of the commission.

. . .

SEC. 5. That unfair methods of competition in commerce are hereby declared unlawful.

The commission is hereby empowered and directed to prevent persons, partnerships, or corporations, except banks, and common carriers subject to the Acts to regulate commerce, from using unfair methods of competition in commerce.

Whenever the commission shall have reason to believe that any such person, partnership, or corporation has been or is using any unfair method of competition in commerce, and if it shall appear to the commission that a proceeding by it in respect thereof would be to the

interest of the public, it shall issue and serve upon such person, partnership, or corporation a complaint stating its charges in that respect, and containing a notice of a hearing upon a day and at a place therein fixed at least thirty days after the service of said complaint. The person, partnership, or corporation so complained of shall have the right to appear at the place and time so fixed and show cause why an order should not be entered by the commission requiring such person, partnership, or corporation to cease and desist from the violation of the law so charged in said complaint. Any person, partnership, or corporation may make application, and upon good cause shown may be allowed by the commission, to intervene and appear in said proceeding by counsel or in person. The testimony in any such proceeding shall be reduced to writing and filed in the office of the commission. If upon such hearing the commission shall be of the opinion that the method of competition in question is prohibited by this Act, it shall make a report in writing in which it shall state its findings as to the facts, and shall issue and cause to be served on such person, partnership, or corporation an order requiring such person, partnership, or corporation to cease and desist from using such method of competition. Until a transcript of the record in such hearing shall have been filed in a circuit court of appeals of the United States, as hereinafter provided, the commission may at any time, upon such notice and in such manner as it shall deem proper, modify or set aside, in whole or in part, any report or any order made or issued by it under this section.

If such person, partnership, or corporation fails or neglects to obey such order of the commission while the same is in effect, the commission may apply to the circuit court of appeals of the United States, within any circuit where the method of competition in question was used or where such person, partnership, or corporation resides or carries on business, for the enforcement of its order, and shall certify and file with its application a transcript of the entire record in the proceeding, including all the testimony taken and the report and order of the commission. Upon such filing of the application and transcript the court shall cause notice thereof to be served upon such person, partnership, or corporation and thereupon shall have jurisdiction of the proceeding and of the question determined therein, and shall have power to make and enter upon the pleadings, testimony, and

proceedings set forth in such transcript a decree affirming, modifying, or setting aside the order of the commission. The findings of the commission as to the facts, if supported by testimony, shall be conclusive. If either party shall apply to the court for leave to adduce additional evidence and shall show to the satisfaction of the court that such additional evidence is material and that there were reasonable grounds for the failure to adduce such evidence in the proceeding before the commission, the court may order such additional evidence to be taken before the commission and to be adduced upon the hearing in such manner and upon such terms and conditions as to the court may seem proper. The commission may modify its findings as to the facts, or make new findings, by reason of the additional evidence so taken, and it shall file such modified or new findings, which, if supported by testimony, shall be conclusive, and its recommendation, if any, for the modification or setting aside of its original order, with the return of such additional evidence. The judgment and decree of the court shall be final, except that the same shall be subject to review by the Supreme Court upon certiorari as provided in section two hundred and forty of the Judicial Code.

Any party required by such order of the commission to cease and desist from using such method of competition may obtain a review of such order in said circuit court of appeals by filing in the court a written petition praying that the order of the commission be set aside. A copy of such petition shall be forthwith served upon the commission, and thereupon the commission forthwith shall certify and file in the court a transcript of the record as hereinbefore provided. Upon the filing of the transcript the court shall have the same jurisdiction to affirm, set aside, or modify the order of the commission as in the case of an application by the commission for the enforcement of its order, and the findings of the commission as to the facts, if supported by testimony, shall in like manner be conclusive.

The jurisdiction of the circuit court of appeals of the United States to enforce, set aside, or modify orders of the commission shall be exclusive.

Such proceedings in the circuit court of appeals shall be given precedence over other cases pending therein, and shall be in every way

expedited. No order of the commission or judgment of the court to enforce the same shall in any wise relieve or absolve any person, partnership, or corporation from any liability under the antitrust acts.

Complaints, orders, and other processes of the commission under this section may be served by anyone duly authorized by the commission, either (a) by delivering a copy thereof to the person to be served, or to a member of the partnership to be served, or to the president, secretary, or other executive officer or a director of the corporation to be served; or (b) by leaving a copy thereof at the principal office or place of business of such person, partnership, or corporation; or (c) by registering and mailing a copy thereof addressed to such person, partnership, or corporation at his or its principal office or place of business. The verified return by the person so serving said complaint, order, or other process setting forth the manner of said service shall be proof of the same, and the return post-office receipt for said complaint, order, or other process registered and mailed as aforesaid shall be proof of the service of the same.

. . .

SEC. 9. That for the purposes of this Act the commission, or its duly authorized agent or agents, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any documentary evidence of any corporation being investigated or proceeded against; and the commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation. Any member of the commission may sign subpoenas, and members and examiners of the commission may administer oaths and affirmations, examine witnesses, and receive evidence.

Such attendance of witnesses, and the production of such documentary evidence, may be required from any place in the United States, at any designated place of hearing. And in case of disobedience to a subpoena the commission may invoke the aid of any court of the United States in requiring the attendance and testimony of witnesses and the production of documentary evidence.

Any of the district courts of the United States within the jurisdiction of which such inquiry is carried on may, in case of contumacy or refusal to obey a subpoena issued to any corporation or other person, issue an order requiring such corporation or other person to appear before the commission, or to produce documentary evidence if so ordered, or to give evidence touching the matter in question; and any failure to obey such order of the court may be punished by such court is a contempt thereof.

Upon the application of the Attorney General of the United States, at the request of the commission, the district courts of the United States shall have jurisdiction to issue writs of mandamus commanding any person or corporation to comply with the provisions of this Act or any order of the commission made in pursuance thereof.

The commission may order testimony to be taken by deposition in any proceeding or investigation pending under this Act at any stage of such proceeding or investigation. Such depositions may be taken before any person designated by the commission and having power to administer oaths. Such testimony shall be reduced to writing by the person taking the deposition, or under his direction, and shall then be subscribed by the deponent. Any person may be compelled to appear and depose and to produce documentary evidence in the same manner as witnesses may be compelled to appear and testify and produce documentary evidence before the commission as hereinbefore provided.

Witnesses summoned before the commission shall be paid the same fees and mileage that are paid witnesses in the courts of the United States, and witnesses whose depositions are taken and the persons taking the same shall severally be entitled to the same fees as are paid for like services in the courts of the United States.

No person shall be excused from attending and testifying or from producing documentary evidence before the commission or in obedience to the subpoena of the commission on the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to criminate him or subject him to a penalty or forfeiture. But no natural person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing

concerning which he may testify, or produce evidence, documentary or otherwise, before the commission in obedience to a subpoena issued by it: *Provided*, That no natural person so testifying shall be exempt from prosecution and punishment for perjury committed in so testifying.

. . .

**Magnuson-Moss Warranty—Federal Trade Commission Improvement Act, Pub. L. No. 93–637, § 206, 88 Stat 2183, 2201–02 (1975).**

An Act To provide minimum disclosure standards for written consumer product warranties; to define minimum Federal content standards for such warranties; to amend the Federal Trade Commission Act in order to improve its consumer protection activities; and for other purposes.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That this act may be cited as the "Magnuson-Moss Warranty—Federal Trade Commission Improvement Act".

. . .

Title II–Federal Trade Commission Improvements

. . .

CONSUMER REDRESS

SEC. 206. (a) The Federal Trade Commission Act (15 U.S.C. 45 (a)) is amended by inserting after section 18 the following new section:

"SEC. 19. (a)(1) If any person, partnership, or corporation violates any rule under this Act respecting unfair or deceptive acts or practices (other than an interpretive rule, or a rule violation of which the Commission has provided is not an unfair or deceptive act or practice in violation of section 5(a)), then the Commission may commence a civil action against such person, partnership, or corporation for relief under subsection (b) in a United States district court or in any court of competent jurisdiction of a State.

"(2) If any person, partnership, or corporation engages in any unfair or deceptive act or practice (within the meaning of section 5(a)(1)) with respect to which the Commission has issued a final cease and desist order which is applicable to such person, partnership, or corporation, then the Commission may commence a civil action

against such person, partnership, or corporation in a United States district court or in any court of competent jurisdiction of a State. If the Commission satisfies the court that the act or practice to which the cease and desist order relates is one which a reasonable man would have known under the circumstances was dishonest or fraudulent, the court may grant relief under subsection (b).

"(b) The court in an action under subsection (a) shall have jurisdiction to grant such relief as the court finds necessary to redress injury to consumers or other persons, partnerships, and corporations resulting from the rule violation or the unfair or deceptive act or practice, as the case may be. Such relief may include, but shall not be limited to, rescission or reformation of contracts, the refund of money or return of property, the payment of damages, and public notification respecting the rule violation or the unfair or deceptive act or practice, as the case may be; except that nothing in this subsection is intended to authorize the imposition of any exemplary or punitive damages.

"(c)(1) If (A) a cease and desist order issued under section 5(b) has become final under section 5(g) with respect to any person's, partnership's, or corporation's rule violation or unfair or deceptive act or practice, and (B) an action under this section is brought with respect to such person's partnership's, or corporation's rule violation or act or practice, then the findings of the Commission as to the material facts in the proceeding under section 5(b) with respect to such person's, partnership's, or corporation's rule violation or act or practice, shall be conclusive unless (i) the terms of such cease and desist order expressly provide that the Commission's findings shall not be conclusive, or (ii) the order became final by reason of section 5(g)(1), in which case such finding shall be conclusive if supported by evidence.

"(2) The court shall cause notice of an action under this section to be given in a manner which is reasonably calculated, under all of the circumstances, to apprise the persons, partnerships, and corporations allegedly injured by the defendant's rule violation or act or practice of

the pendency of such action. Such notice may, in the discretion of the court, be given by publication.

"(d) No action may be brought by the Commission under this section more than 3 years after the rule violation to which an action under subsection (a)(1) relates, or the unfair or deceptive act or practice to which an action under subsection (a)(2) relates; except that if a cease and desist order with respect to any person's, partnership's, or corporation's rule violation or unfair or deceptive act or practice has become final and such order was issued in a proceeding under section 5(b) which was commenced not later than 3 years after the rule violation or act or practice occurred, a civil action may be commenced under this section against such person, partnership, or corporation at any time before the expiration of one year after such order becomes final.

"(e) Remedies provided in this section are in addition to, and not in lieu of, any other remedy or right of action provided by State or Federal law. Nothing in this section shall be construed to affect any authority of the Commission under any other provision of law."

(b) The amendment made by subsection (a) of this section shall not apply to—

 (1) any violation of a rule to the extent that such violation occurred before the date of enactment of this Act, or

 (2) any act or practice with respect to which the Commission issues a cease-and-desist order, to the extent that such act or practice occurred before the date of enactment of this Act, unless such order was issued after such date and the person, partnership or· corporation against whom such an order was issued had been notified in the complaint, or in the notice or order attached thereto, that consumer redress may be sought.

. . .

**Wheeler–Lea Act, Pub. L. No. 75-447, §§ 3–4, 52 Stat. 111, 111–15 (1938).**

An Act To amend the Act creating the Federal Trade Commission, to define its powers and duties, and for other purposes.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

. . .

SEC. 3. Section 5 of such Act, as amended (U.S.C., 1934 ed., title 15, sec. 45), is hereby amended to read as follows:

"SEC. 5. (a) Unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are hereby declared unlawful.

"The Commission is hereby empowered and directed to prevent persons, partnerships, or corporations, except banks, common carriers subject to the Acts to regulate commerce, and persons, partnerships, or corporations subject to the Packers and Stockyards Act, 1921, except as provided in section 406 (b) of said Act, from using unfair methods of competition in commerce and unfair or deceptive acts or practices in commerce.

"(b) Whenever the Commission shall have reason to believe that any such person, partnership, or corporation has been or is using any unfair method of competition or unfair or deceptive act or practice in commerce, and if it shall appear to the Commission that a proceeding by it in respect thereof would be to the interest of the public, it shall issue and serve upon such person, partnership, or corporation a complaint stating its charges in that respect and containing a notice of a hearing upon a day and at a place therein fixed at least thirty days after the service of said complaint. The person, partnership, or corporation so complained of shall have the right to appear at the place and time so fixed and show cause why an order should not be entered by the Commission requiring such person, partnership, or corporation to cease and desist from the violation of the law so charged in said complaint. Any person, partnership, or corporation may make

application, and upon good cause shown may be allowed by the Commission to intervene and appear in said proceeding by counsel or in person. The testimony in any such proceeding shall be reduced to writing and filed in the office of the Commission. If upon such hearing the Commission shall be of the opinion that the method of competition or the act or practice in question is prohibited by this Act, it shall make a report in writing in which it shall state its findings as to the facts and shall issue and cause to be served on such person, partnership, or corporation an order requiring such person, partnership, or corporation to cease and desist from using such method of competition or such act or practice. Until the expiration of the time allowed for filing a petition for review, if no such petition has been duly filed within such time, or, if a petition for review has been filed within such time then until the transcript of the record in the proceeding has been filed in a circuit court of appeals of the United States, as hereinafter provided, the Commission may at any time, upon such notice and in such manner as it shall deem proper, modify or set aside, in whole or in part, any report or any order made or issued by it under this section. After the expiration of the time allowed for filing a petition for review, if no such petition has been duly filed within such time, the Commission may at any time, after notice and opportunity for hearing, reopen and alter, modify, or set aside, in whole or in part, any report or order made or issued by it under this section, whenever in the opinion of the Commission conditions of fact or of law have so changed as to require such action or if the public interest shall so require: *Provided, however*, That the said person, partnership, or corporation may, within sixty days after service upon him or it of said report or order entered after such a reopening, obtain a review thereof in the appropriate circuit court of appeals of the United States, in the manner provided in subsection (c) of this section.

"(c) Any person, partnership, or corporation required by an order of the Commission to cease and desist from using any method of competition or act or practice may obtain a review of such order in the circuit court of appeals of the United States, within any circuit where the method of competition or the act or practice in question was used or where such person, partnership, or corporation resides or carries on business, by filing in the court, within sixty days from the date of the

service of such order, a written petition praying that the order of the Commission be set aside. A copy of such petition shall be forthwith served upon the Commission, and thereupon the Commission forthwith shall certify and file in the court a transcript of the entire record in the proceeding, including all the evidence taken and the report and order of the Commission. Upon such filing of the petition and transcript the court shall have jurisdiction of the proceeding and of the question determined therein, and shall have power to make and enter upon the pleadings, evidence, and proceedings set forth in such transcript a decree affirming, modifying, or setting aside the order of the Commission, and enforcing the same to the extent that such order is affirmed, and to issue such writs as are ancillary to its jurisdiction or are necessary in its judgment to prevent injury to the public or to competitors pendente lite. The findings of the Commission as to the facts, if supported by evidence, shall be conclusive. To the extent that the order of the Commission is affirmed, the court shall thereupon issue its own order commanding obedience to the terms of such order of the Commission. If either party shall apply to the court for leave to adduce additional evidence, and shall show to the satisfaction of the court that such additional evidence is material and that there were reasonable grounds for the failure to adduce such evidence in the proceeding before the Commission, the court may order such additional evidence to be taken before the Commission and to be adduced upon the hearing in such manner and upon such terms and conditions as to the court may seem proper. The Commission may modify its findings as to the facts, or make new findings, by reason of the additional evidence so taken, and it shall file such modified or new findings, which, if supported by evidence, shall be conclusive, and its recommendation, if any, for the modification or setting aside of its original order, with the return of such additional evidence. The judgment and decree of the court shall be final, except that the same shall be subject to review by the Supreme Court upon certiorari, as provided in section 240 of the Judicial Code.

"(d) The jurisdiction of the circuit court of appeals of the United States to affirm, enforce, modify, or set aside orders of the Commission shall be exclusive.

"(e) Such proceedings in the circuit court of appeals shall be given precedence over other cases pending therein, and shall be in every way

expedited. No order of the Commission or judgment of court to enforce the same shall in anywise relieve or absolve any person, partnership, or corporation from any liability under the Antitrust Acts.

"(f) Complaints, orders, and other processes of the Commission under this section may be served by anyone duly authorized by the Commission, either (a) by delivering a copy thereof to the person to be served, or to a member of the partnership to be served, or the president, secretary, or other executive officer or a director of the corporation to be served; or (b) by leaving a copy thereof at the residence or the principal office or place of business of such person, partnership, or corporation; or (c) by registering and mailing a copy thereof addressed to such person, partnership, or corporation at his or its residence or principal office or place of business. The verified return by the person so serving said complaint, order, or other process setting forth the manner of said service shall be proof of the same, and the return post office receipt for said complaint, order, or other process registered and mailed as aforesaid shall be proof of the service of the same.

"(g) An order of the Commission to cease and desist shall become final—

> "(1) Upon the expiration of the time allowed for filing a petition for review, if no such petition has been duly filed within such time; but the Commission may thereafter modify or set aside its order to the extent provided in the last sentence of subsection (b); or
>
> "(2) Upon the expiration of the time allowed for filing a petition for certiorari, if the order of the Commission has been affirmed, or the petition for review dismissed by the circuit court of appeals, and no petition for certiorari has been duly filed; or
>
> "(3) Upon the denial of a petition for certiorari, if the order of the Commission has been affirmed or the petition for review dismissed by the circuit court of appeals; or
>
> "(4) Upon the expiration of thirty days from the date of issuance of the mandate of the Supreme Court, if such Court directs that the order of the Commission be affirmed or the petition for review dismissed.

"(h) If the Supreme Court directs that the order of the Commission be modified or set aside, the order of the Commission rendered in accordance with the mandate of the Supreme Court shall become final upon the expiration of thirty days from the time it was rendered, unless within such thirty days either party has instituted proceedings to have such order corrected to accord with the mandate, in which event the order of the Commission shall become final when so corrected.

"(i) If the order of the Commission is modified or set aside by the circuit court of appeals, and if (1) the time allowed for filing a petition for certiorari has expired and no such petition has been duly filed, or (2) the petition for certiorari has been denied, or (3) the decision of the court has been affirmed by the Supreme Court, then the order of the Commission rendered in accordance with the mandate of the circuit court of appeals shall become final on the expiration of thirty days from the time such order of the Commission was rendered, unless within such thirty days either party has instituted proceedings to have such order corrected so that it will  accord with the mandate, in which event the order of the Commission shall become final when so corrected.

"(j) If the Supreme Court orders a rehearing ; or if the case is remanded by the circuit court of appeals to the Commission for a rehearing, and if (1) the time allowed for filing a petition for certiorari has expired, and no such petition has been duly filed, or (2) the petition for certiorari has been denied, or (3) the decision of the court has been affirmed by the Supreme Court, then the order of the Commission rendered upon such rehearing shall become final in the same manner as though no prior order of the Commission had been rendered.

"(k) As used in this section the term 'mandate', in case a mandate has been recalled prior to the expiration of thirty days from the date of issuance thereof, means the final mandate.

"(l) Any person, partnership, or corporation who violates an order of the Commission to cease and desist after it has become final, and while such order is in effect, shall forfeit and pay to the United States a civil penalty of not more than $5,000 for each violation, which shall

accrue to the United States and may be recovered in a civil action brought by the United States."

Sec. 4. Such Act is further amended by adding at the end thereof new sections to read as follows:

"Sec. 12. (a) It shall be unlawful for any person, partnership, or corporation to disseminate, or cause to be disseminated, any false advertisement—

> "(1) By United States mails, or in commerce by any means, for the purpose of inducing, or which is likely to induce, directly or indirectly the purchase of food, drugs, devices, or cosmetics; or
> "(2) By any means, for the purpose of inducing, or which is likely to induce, directly or indirectly, the purchase in commerce of food, drugs, devices, or cosmetics.

"(b) The dissemination or the causing to be disseminated of any false advertisement Within the provisions of subsection (a) of this section shall be an unfair or deceptive act or practice in commerce within the meaning of section 5.

"Sec. 13. (a) Whenever the Commission has reason to believe—

> "(1) that any person, partnership, or corporation is engaged in, or is about to engage in, the dissemination or the causing of the dissemination of any advertisement in violation of section 12, and
> "(2) that the enjoining thereof pending the issuance of a complaint by the Commission under section 5, and until such complaint is dismissed by the Commission or set aside by the court on review, or the order of the Commission to cease and desist made thereon has become final within the meaning of section 5, would be to the interest of the public,

the Commission by any of its attorneys designated by it for such purpose may bring suit in a district court of the United States or in the United States court of any Territory, to enjoin the dissemination or the causing of the dissemination of such advertisement. Upon proper showing a temporary injunction or restraining order shall be granted

without bond. Any such suit shall be brought in the district in which such person, partnership, or corporation resides or transacts business.

"(b) Whenever it appears to the satisfaction of the court in the case of a newspaper, magazine, periodical, or other publication, published at regular intervals—

> "(1) that restraining the dissemination of a false advertisement in any particular issue of such publication would delay the delivery of such issue after the regular time therefor, and
>
> "(2) that such delay would be due to the method by which the manufacture and distribution of such publication is customarily conducted by the publisher in accordance with sound business practice, and not to any method or device adopted for the evasion of this section or to prevent or delay the issuance of an injunction or restraining order with respect to such false advertisement or any other advertisement,

the court shall exclude such issue from the operation of the restraining order or injunction.

"Sec. 14. (a) Any person, partnership, or corporation who violates any provision of section 12 (a) shall, if the use of the commodity advertised may be injurious to health because of results from such use under the conditions prescribed in the advertisement thereof, or under such conditions as are customary or usual, or if such violation is with intent to defraud or mislead, be guilty of a misdemeanor, and upon conviction shall be punished by a fine of not more than $5,000 or by imprisonment for not more than six months, or by both such fine and imprisonment; except that if the conviction is for a violation committed after a first conviction of such person, partnership, or corporation, for any violation of such section, punishment shall be by a fine of not more than $10,000 or by imprisonment for not more than one year, or by both such fine and imprisonment: *Provided*, That for the purposes of this section meats and meat food products duly inspected, marked, and labeled in accordance with rules and regulations issued under the Meat Inspection Act approved March 4, 1907, as amended, shall be conclusively presumed not injurious to health at the time the same leave official 'establishments.'

"(b) No publisher, radio-broadcast licensee, or agency or medium for the dissemination of advertising, except the manufacturer, packer, distributor, or seller of the commodity to which the false advertisement relates, shall be liable under this section by reason of the dissemination by him of any false advertisement, unless he has refused, on the request of the Commission, to furnish the Commission the name and post-office address of the manufacturer, packer, distributor, seller, or advertising agency, residing in the United States, who caused him to disseminate such advertisement. No advertising agency shall be liable under this section by reason of the causing by it of the dissemination of any false advertisement, unless it has refused, on the request of the Commission, to furnish the Commission the name and post-office address of the manufacturer, packer, distributor, or seller, residing in the United States, who caused it to cause the dissemination of such advertisement.

"Sec. 15. For the purposes of sections 12, 13, and 14—

"(a) The term 'false advertisement' means an advertisement, other than labeling, which is misleading in a material respect; and in determining whether any advertisement is misleading, there shall be taken into account (among other things) not only representations made or suggested by statement, word, design, device, sound, or any combination thereof, but also the extent to which the advertisement fails to reveal facts material in the light of such representations or material with respect to consequences which may result from the use of the commodity to which the advertisement relates under the conditions prescribed in said advertisement, or under such conditions as are customary or usual. No advertisement of a drug shall be deemed to be false if it is disseminated only to members of the medical profession, contains no false representation of a material fact, and includes, or is accompanied in each instance by truthful disclosure of, the formula showing quantitatively each ingredient of such drug.

"(b) The term 'food' means (1) articles used for food or drink for man or other animals, (2) chewing gum, and (3) articles used for components of any such article.

"(c) The term 'drug' means (1) articles recognized in the official United States Pharmacopoeia, official Homoeopathie Pharmacopoeia of

the United States, or official National Formulary, or any supplement to any of them; and (2) articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or other animals; and (3) articles (other than food) intended to affect the structure or any function of the body of man or other animals; and (4) articles intended for use as a component of any article specified in clause (1), (2), or (3); but does not include devices or their components, parts, or accessories.

"(d) The term 'device' (except when used in subsection (a) of this section) means instruments, apparatus, and contrivances, including their parts and accessories, intended (1) for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or other animals; or (2) to affect the structure or any function of the body of man or other animals.

"(e) The term 'cosmetic' means (1) articles to be rubbed, poured, sprinkled, or sprayed on, introduced into, or otherwise applied to the human body or any part thereof intended for cleansing, beautifying, promoting attractiveness, or altering the appearance, and (2) articles intended for use as a component of any such article; except that such term shall not include soap.

"SEC. 16. Whenever the Federal Trade Commission has reason to believe that any person, partnership, or corporation is liable to a penalty under section 14 or under subsection (1) of section 5, it shall certify the facts to the Attorney General, whose duty it shall be to cause appropriate proceedings to be brought for the enforcement of the provisions of such section or subsection.

"SEC. 17. If any provision of this Act, or the application thereof to any person, partnership, corporation, or circumstance, is held invalid, the remainder of the Act and the application of such provision to any other person, partnership, corporation, or circumstance, shall not be affected thereby.

"SEC. 18. This Act may be cited as the 'Federal Trade Commission Act'."



# The Bureau

We aim to make consumer financial markets work for consumers, responsible providers, and the economy as a whole. We protect consumers from unfair, deceptive, or abusive practices and take action against companies that break the law. We arm people with the information, steps, and tools that they need to make smart financial decisions.

---

► Featured video

## The Bureau

We are a government agency created after the 2008 financial crisis to protect consumers. Allow us to introduce ourselves.



In a market that works, the prices, risks, and terms of the deal are clear upfront so that consumers can understand their options and comparison shop. Companies all play by the same consumer protection rules and compete fairly on providing quality and service. To achieve this vision, the CFPB works to:

Empower

Add. 51

We create tools, answer common questions, and provide tips that help consumers navigate their financial choices and shop for the deal that works best for them.

## Enforce

We take action against predatory companies and practices that violate the law and have already returned billions of dollars to harmed consumers.

## Educate

We encourage financial education and capability from childhood through retirement, publish research, and educate financial companies about their responsibilities.

## Our core functions

The CFPB was created to provide a single point of accountability for enforcing federal consumer financial laws and protecting consumers in the financial marketplace. Before, that responsibility was divided among several agencies. Today, it's our primary focus.

### Our work includes:

- Rooting out unfair, deceptive, or abusive acts or practices by writing rules, supervising companies, and enforcing the law
- Enforcing laws that outlaw discrimination in consumer finance
- Taking consumer complaints
- Enhancing financial education
- Researching the consumer experience of using financial products
- Monitoring financial markets for new risks to consumers

Contact Us

Newsroom

Careers

Industry Whistleblowers

CFPB Ombudsman

FOIA

Plain Writing

Privacy

Add. 52

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 24th day of November, 2017, I caused this Addendum to Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Christopher Wayne Jones
*Counsel for Appellant*
*Future Income Payments, LLC*